**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JOHN DOE, | Case No. |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| ACCURATE BACKGROUND, LLC, | |
| Defendant. | |

## COMPLAINT

John Doe by and through his counsel brings the following Complaint against Accurate Background, LLC, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, arising out of an employment background check report that Defendant published to Plaintiff's potential employer, depicting Plaintiff as an individual listed on the Georgia Sex Offender Registry.

## INTRODUCTION

1. Plaintiff was legally removed from the Georgia Sex Offender registry, in accordance with a Court Order issued by the Superior Court of Fulton County, on January 3, 2025.

2. After his name and record was cleared, Plaintiff applied for employment with Capstone Logistics, LLC ("Capstone"). Capstone ordered a background check report on Plaintiff from Defendant.

3. Upon information and belief, as a matter of policy, Defendant relies on outdated data regarding the sex offender registry when producing such reports. To save costs, Defendant does not search the public registry itself anew when it produces a report, even though searching the public registry anew is the only way to ensure the "maximum possible accuracy" of the reports.

4. As a result of this deficient policy, Defendant told Capstone that Plaintiff was a registered sex offender, which in fact was no longer true.

5. Plaintiff's good name was smeared, and Capstone denied Plaintiff's application.

**PARTIES**

6. Plaintiff is a natural person residing in Forest Park, Georgia, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

7. Defendant is a California corporation doing business throughout the United States, including the State of Georgia and in this District, and has a principal place of business located at 200 Spectrum Center Drive, Suite 1100, Irvine, CA 92618. Accurate can be served through its registered agent, C T Corporation System,

at 330 N Brand Blvd, Glendale, CA 91203.  Defendant is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTS

10. Plaintiff was legally removed from the Georgia Sex Offender registry, in accordance with a Court Order issued by the Superior Court of Fulton County, on January 3, 2025.

11. Now that his good name was restored, on or about January 9, 2025, Plaintiff applied for full-time employment as a driver with Capstone Logistics, LLC ("Capstone").

12. Capstone extended a job offer to Plaintiff for the position to which he applied.  The job offer was conditioned upon Plaintiff passing a background check.

13. Upon information and belief, the start date for that position was January 27, 2025.

14. Capstone contracted with Defendant to conduct background checks on its prospective employees, and on or about January 9, 2025, Capstone ordered an employment background check about Plaintiff from Defendant.

15. On or about January 21, 2025, in accordance with its standard procedures, Defendant completed its consumer report about Plaintiff and sold the same to Capstone.

16. Within that consumer report, Defendant published inaccurate information about Plaintiff.

17. Specifically, Defendant's consumer report about Plaintiff falsely stated that he is currently listed in the Georgia Sex Offender Registry, which appeared in the consumer report as follows:

> **SEX OFFENDER**
>
> ••••••••••••••••••••••••••••••••••••••
>
> Sex Offender Registry Record Found in Georgia
>
> ••••••••••••••••••••••••••••••••••••••

18. The background check reported by Defendant about Plaintiff is inaccurate, because as of January 3, 2025, Plaintiff was no longer in the registry.

19. Upon information and belief, Defendant relied on outdated information instead of reviewing the current registry when producing the report.

20. In fact, Plaintiff had been legally removed from the Sexual Offender Registry by virtue of a court order issued by the Superior Court of Fulton County, Georgia.

21. The sole reason the inaccurate information was reported was that Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it published within the consumer report it sold about Plaintiff to Plaintiff's prospective employer.

22. Had Defendant followed reasonable procedures, it would not have relied on outdated information or data, and it would have instead discovered that Plaintiff was not in the registry.

23. On or about January 21, 2025, Plaintiff received a Pre-Adverse Action Notice email from Capstone stating that it is considering taking an adverse action regarding Plaintiff's employment, based in whole or in part on the Defendant's report. Plaintiff was confused about what to do.

24. On or about February 4, 2025, Plaintiff received an Adverse Action Notice email from Capstone that "the Company has taken adverse action concerning your employment or potential employment with the Company, based in whole or in part by the information in a consumer report prepared by Accurate Background, LLC.

25. Shortly thereafter, Plaintiff obtained a copy of the subject consumer report and was shocked upon reviewing the inaccurate information contained within the subject consumer report.

26. Plaintiff was very panicked, confused, and concerned about the impact of the inaccurate reporting that he was still listed on the Sexual Offender Registry despite having a court order for his removal. This not only affected his application for the Capstone position but also raised long-term concerns.

27. On February 10, 2025, Plaintiff disputed the inaccurate information with Defendant via email.

28. Upon information and belief, on or about March 10, Plaintiff followed up with Defendant about the investigation, because thirty days had passed, and he had not received anything. Defendant stated that it had mailed dispute results to Plaintiff, but in fact Plaintiff had not received anything. Upon information and belief, Plaintiff requested that the results be emailed to him.

29. On March 11, 2025, Accurate emailed the dispute results to Plaintiff, along with the updated report, confirming that the inaccurate information had been removed.

30. Plaintiff's job offer has not been reinstated.

31. Defendant's false report cost Plaintiff a promising, well-paying job with Capstone.

32. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological

damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

33. Plaintiff had hoped that this chapter was behind him and was shocked and deeply distressed to discover that this embarrassing record remained associated with him, preventing him from securing adequate employment.

### CLAIMS FOR RELIEF
### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

34. Plaintiff incorporates the foregoing allegations as if fully stated herein.

35. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the consumer report it sold about Plaintiff as well as the information it published within the same.

36. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

37. Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

i. Determining that Defendant negligently and/or willfully violated the FCRA;

ii. Awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA;

iii. Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and,

iv. Granting further relief, in law or equity, as this Court may deem appropriate and just.

**DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: May 8, 2025

By: /s/ *Misty Oaks Paxton*
Misty Oaks Paxton, Esq.
Bar No. 127089

THE OAKS FIRM
3895 Brookgreen Pt.
Decatur, GA 30034
Tel: (404) 500-7861
Email: attyoaks@yahoo.com

*Attorneys for Plaintiff,
John Doe*

- 10 -